E-FILED
Tuesday, 04 August, 2026  02:18:30 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| PRECISION PLANTING LLC,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CRUSHIN CO. LLC, D/B/A CRUSHINAG,<br>　　　　Defendant. | Case No. 2026-cv-1335<br><br>**EQUITABLE RELIEF IS SOUGHT;<br>AND DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Precision Planting LLC ("Precision Planting"), for its Complaint against Defendant, Crushin Co. LLC d/b/a CrushinAG ("CrushinAG"), states and alleges as follows:

**Nature of the Case**

1.	This is a civil action for infringement of Precision Planting's federally registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement under Illinois law; and trademark dilution by blurring under the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65. These claims arise from CrushinAG's unauthorized use of Precision Planting's intellectual property rights in the trademarks PRECISION PLANTING, PRECISION PLANTING and Design, VSET, VDRIVE, VAPPLY, and VAPPLYHD (hereinafter, the "PRECISION PLANTING® Marks") in connection with the marketing, advertising, promotion, offering for sale, and sale of CrushinAG's vLED planter lighting kit products.

2.      Precision Planting seeks permanent injunctive relief, an accounting of profits, compensatory and treble damages, punitive damages, attorneys' fees and costs, and other equitable relief.

## Parties

3.      Plaintiff Precision Planting is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 23207 Townline Road, Tremont, Illinois 61568.

4.      Upon information and belief, Defendant Crushin Co. is a limited liability company organized and existing under the laws of the State of Kentucky, doing business as "CrushinAG," with a principal place of business at 8183 US Highway 641 N., Almo, Kentucky 42020.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over Precision Planting's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over CrushinAG pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, which extends personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. Specifically, CrushinAG has purposefully directed activities at the State of Illinois and this District, and Precision Planting's claims arise out of and relate to those activities, in that CrushinAG (a) maintains at least one authorized dealer within the State of Illinois, namely Kasper Ag Solutions, LLC located at 15101 State Route IL-76, Poplar Grove, Illinois 61065; (b) operates a commercial website accessible in Illinois through which, upon information and belief, CrushinAG has sold and shipped its vLED products directly to consumers in Illinois; (c) maintains a "Dealer Locator" feature on its website identifying its Illinois dealer and directing Illinois consumers thereto; (d) has directly contacted Precision Planting in this District, including by sending an April 1, 2026 email and Proposed Non-

Disclosure Agreement from CrushinAG's President to Precision Planting's research facility in Pontiac, Illinois; and (e) has caused, and knew or should have known that it would cause, harm to Precision Planting in Illinois and this District, where Precision Planting maintains its principal place of business.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c)(2) because a substantial part of the events giving rise to Precision Planting's claims occurred in this District, including CrushinAG's offering for sale and sale of infringing products through its Illinois dealer and through its website to Illinois consumers, CrushinAG's direct communications regarding the vLED planter lighting kit product to Precision Planting's Pontiac, Illinois facility within this District, and injury to Precision Planting's goodwill and business reputation in Illinois. For venue purposes under Section 1391(c)(2), CrushinAG resides in this District because it is subject to personal jurisdiction in this District with respect to Precision Planting's claims.

**Factual Background**

A. **Precision Planting's Enforceable Intellectual Property Rights**

8. Since at least as early as 1994, Precision Planting has developed, manufactured, marketed, and sold agricultural technologies, including planter equipment, seed meters, drives, and related parts and accessories, to farmers, dealers, and original equipment manufacturers throughout the United States and internationally (the "Precision Planting Goods and Services").

9. Precision Planting has been headquartered in Illinois since its founding, and it is a substantial company with a vast network of authorized dealers throughout Illinois and nationally through which it provides its Precision Planting Goods and Services.

10. Since long before the infringing acts of CrushinAG, Precision Planting has adopted and continuously used the PRECISION PLANTING® Marks to promote its Precision Planting

Goods and Services, such that the PRECISION PLANTING® Marks have come to identify Precision Planting as the source of the goods and services offered under the marks.

11. Due to the duration and extent of Precision Planting's use and advertising of the PRECISION PLANTING® Marks nationally, the recognition of the PRECISION PLANTING® Marks by the agricultural industry, and the quality of the Precision Planting Goods and Services offered under the PRECISION PLANTING® Marks, the PRECISION PLANTING® Marks are inherently distinctive or, alternatively, have acquired substantial secondary meaning, and are highly valuable to Precision Planting.

12. The PRECISION PLANTING® Marks are widely recognized and famous within the agricultural industry and are particularly famous among farmers and the agricultural trade in the State of Illinois, where Precision Planting is headquartered and where agriculture is a substantial and prominent industry. Through Precision Planting's long-standing Illinois presence, its extensive Illinois dealer network, and its continuous marketing and use of the PRECISION PLANTING® Marks in Illinois since at least as early as 1994, the PRECISION PLANTING® Marks have become famous in Illinois within the meaning of 765 ILCS 1036/65.

13. Precision Planting actively promotes its Precision Planting Goods and Services under the PRECISION PLANTING® Marks to the public and to the agricultural industry through its website, advertisements, social media, and other advertising and marketing materials, true and accurate examples of which are attached as **Exhibit A**.

14. Precision Planting owns U.S. Trademark Registration No. 2,937,657 for the mark PRECISION PLANTING, for use with agricultural implements and machinery for tilling, planting, and fertilizing, namely, harrows, seed planters, seed drills, fertilizer applicators, and parts therefore; and calibration and testing equipment, namely, test stands for calibrating seed metering

4

devices for agricultural seed planters, among others. The registration, a true and accurate copy of which is attached as **Exhibit B**, issued on the Principal Register on April 5, 2005. This registration is presently live, in good standing, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065, and the attached certificate is conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the PRECISION PLANTING mark in connection with the goods and services identified in the certificate of registration.

15.     Precision Planting owns U.S. Trademark Registration No. 4,266,960 for the mark VSET, for use with parts and accessories for agricultural seed planting machines, namely, vacuum-type seed meters for measuring seed concentration and seed flow during planting operations. The registration, a true and accurate copy of which is attached as **Exhibit C**, issued on the Principal Register on January 1, 2013. This registration is presently live, in good standing, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065, and the attached certificate is conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the VSET mark in connection with the goods identified in the certificate of registration.

16.     Precision Planting owns U.S. Trademark Registration No. 4,581,476 for the mark VDRIVE, for use with parts and accessories for agricultural planting machinery, namely, vacuum-type seed meters for metering seed during planting operations. The registration, a true and accurate copy of which is attached as **Exhibit D**, issued on the Principal Register on August 5, 2014. This registration is presently live, in good standing, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065, and the attached certificate is conclusive evidence of the validity of the mark,

of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the VDRIVE mark in connection with the goods identified in the certificate of registration.

17.    Precision Planting owns U.S. Trademark Registration No. 5,287,054 for the mark VAPPLY, for use with parts and accessories for agricultural planting machinery, namely, a liquid and granular fertilizer control system comprised of an electronic control module connected to a valve, pump or motor for controlling the amount of liquid or granular fertilizer applied to a field. The registration, a true and accurate copy of which is attached as **Exhibit E**, issued on the Principal Register on September 12, 2017. This registration is presently live, in good standing, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065, and the attached certificate is conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the VAPPLY mark in connection with the goods identified in the certificate of registration.

18.    Precision Planting owns U.S. Trademark Registration No. 5,287,058 for the mark VAPPLYHD, for use with parts and accessories for agricultural planting machinery, namely, a liquid fertilizer control system comprised of an electronic module and valve for controlling and measuring liquid fertilizer. The registration, a true and accurate copy of which is attached as **Exhibit F**, issued on the Principal Register on September 12, 2017. This registration is presently live, in good standing, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065, and the attached certificate is conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the VAPPLYHD mark in connection with the goods identified in the certificate of registration.

19.    Precision Planting owns U.S. Trademark Registration No. 5,448,621 for the mark PRECISION PLANTING and Design, consisting of a young corn plant with three leaves next to

the words "Precision Planting," for use with agricultural implements and machinery for planting and fertilizing, namely, seed planters, seed drills, fertilizer applicators, and parts therefore. The registration, a true and accurate copy of which is attached as **Exhibit G**, issued on the Principal Register on April 17, 2018. Precision Planting first used the PRECISION PLANTING and Design mark in commerce at least as early as October 1, 2017. This registration is presently live, in good standing, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065, and the attached certificate is conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the PRECISION PLANTING and Design mark in commerce in connection with the goods identified in the registration.

20.     Precision Planting has extensively, exclusively, and continuously used, promoted, advertised, and marketed the PRECISION PLANTING® Marks for over a decade in interstate commerce throughout the United States. During this time, it has achieved substantial sales of goods and services offered under and in connection with the PRECISION PLANTING® Marks, expended significant resources on advertising and marketing, and established strong consumer and industry recognition of the PRECISION PLANTING® Marks as identifying Precision Planting as the exclusive source of the Precision Planting Goods and Services.

21.     The PRECISION PLANTING® Marks include a family of trademarks sharing the distinctive characteristic of a leading "V" prefix, including the federally registered VSET, VDRIVE, VAPPLY, and VAPPLYHD marks. Precision Planting has jointly promoted these "V" prefix marks together as a family of related products for use with Precision Planting's planter systems through its website, marketing materials, and social media, well before CrushinAG's first use of the "VLED" designation in January 2026. Precision Planting continues to expand on its distinctive "V" prefix marks with additional trademarks forthcoming. Through Precision

Planting's extensive and continuous joint promotion, the leading "V" prefix has come to be recognized by consumers and the agricultural trade as identifying Precision Planting as the source of the goods sold under the PRECISION PLANTING® Marks.

**B.    CrushinAG's Infringing Conduct**

22.    Upon information and belief, CrushinAG was formed as a Kentucky limited liability company on or about September 8, 2023 to provide, among other things, agricultural connectors, cables, custom wire harnesses, and agricultural parts to consumers directly through its website located at <crushinag.com> and through authorized dealers.

23.    Upon information and belief, CrushinAG maintains authorized dealers throughout the Midwest, including at least one dealer within the State of Illinois: Kasper Ag Solutions, LLC, located at 15101 State Route IL-76, Poplar Grove, Illinois 61065.  Kasper Ag is also an authorized dealer of Precision Planting products, further heightening the likelihood of consumer confusion regarding the source, sponsorship, and affiliation of the parties' respective products.

24.    Upon information and belief, beginning at least as early as January 2026, CrushinAG commenced marketing, advertising, promoting, offering for sale, and selling a line of aftermarket LED lighting kits designed for use with Precision Planting's vDrive planter systems under the designations "vLED," "PRECISION LIGHTING," and a composite logo depicting a young plant above the words "vLED," "PRECISION LIGHTING," and "A CRUSHINAG PRODUCT" (collectively, the "Infringing Designations").

25.    On April 1, 2026, Heath Conklin, President of CrushinAG, sent an email to Jason Webster at Precision Planting's research facility in Pontiac, Illinois, attaching a proposed Non-Disclosure Agreement (the "Proposed NDA") and offering to send Precision Planting a sample of a product CrushinAG identified as the "Precision Planting vLED Kit, Green Only." A true and

accurate copy of the Proposed NDA, dated April 1, 2026, is attached as **Exhibit H**. Precision Planting did not sign the Proposed NDA.

26.     In Section 7(a) of the Proposed NDA, CrushinAG expressly acknowledged Precision Planting's registered trademark rights, stating, "Nothing in this Agreement shall be construed to grant either party any rights in the other party's trademarks, trade names, or product designations. 'vDRIVE' is a registered trademark of Precision Planting, LLC, and is referenced herein for identification purposes only." CrushinAG's April 1, 2026 communication and the Proposed NDA establish that, as of at least April 1, 2026, CrushinAG had actual knowledge of Precision Planting's trademark rights in the PRECISION PLANTING® Marks and that CrushinAG was using the phrase "Precision Planting vLED Kit" as a product name.

27.     CrushinAG uses the Infringing Designations, together with the PRECISION PLANTING® Marks, in connection with the marketing, advertising, promotion, offering for sale, and sale of multiple products, including without limitation:

a.     "90 Degree vLED, Pure White Planter Lighting Kit," which CrushinAG describes on its website as "90 Degree vLED Kit, Pure White, Compatible with Precision Planting vDrive Systems, 1 Per Row";

b.     "Ag Leader SureSpeed RCM2 Compatible vLED Kit, Pure White";

c.     "BLUE Only vLED Planter Lighting Kit";

d.     "GREEN Only vLED Planter Lighting Kit";

e.     "Pure White Only vLED Planter Lighting Kit";

f.     "RED Only vLED Planter Lighting Kit"; and

g.     "vLED Mini-X Series White LED Light, DT Connector, IP69k."

9

True and accurate copies of representative CrushinAG product listings are attached as **Exhibit I** and are accessible at the following web address: https://crushinag.com/product-category/led-lights/vled/.

28.    On CrushinAG's website product pages, CrushinAG describes the components of its vLED kits as including "American Made Tee Cable Compatible with vDrive™ Units," using the "™" symbol in acknowledgment of Precision Planting's trademark rights in the PRECISION PLANTING® Marks, as shown in **Exhibit J**. Upon information and belief, CrushinAG has also promoted its Infringing Designations, and the compatibility of its vLED products with Precision Planting's vDrive systems, on its Facebook, Instagram, and YouTube accounts, including through statements referencing the PRECISION PLANTING® Marks by name. True and accurate copies of screenshots from CrushinAG's social media accounts are attached as **Exhibit K**.

29.    Upon information and belief, CrushinAG has sold and shipped the vLED products bearing the Infringing Designations to consumers in the State of Illinois, both directly through the CrushinAG Website and through its authorized Illinois dealer, Kasper Ag Solutions, LLC.

30.    At no time has Precision Planting granted CrushinAG permission, license, authorization, sponsorship, endorsement, or approval to use the PRECISION PLANTING® Marks or any confusingly similar mark, including the Infringing Designations, in connection with the marketing, advertising, promotion, offering for sale, or sale of CrushinAG's goods. CrushinAG's use of the Infringing Designations and the PRECISION PLANTING® Marks in connection with aftermarket products expressly designed and marketed for use with Precision Planting's vDrive planter systems is likely to cause confusion, mistake, or deception among consumers and the agricultural trade as to the source, sponsorship, affiliation, connection, approval, or endorsement

10

of CrushinAG's goods, and falsely suggests an association between CrushinAG and Precision Planting where none exists.

31.     On May 1, 2026, Precision Planting, through counsel, sent a cease-and-desist letter (**Exhibit L**) to CrushinAG demanding that CrushinAG discontinue use of the PRECISION PLANTING® Marks in association with its LED product and discontinue use of "vLED" as a brand name. CrushinAG did not respond but added to certain product pages a small-font disclaimer at the bottom stating that its products are not affiliated with Precision Planting. The disclaimer is inadequate to remedy the likelihood of consumer confusion.

32.     On June 15, 2026, Precision Planting, through counsel, sent a follow-up cease-and-desist letter (**Exhibit M**) to CrushinAG, noting the inadequacy of CrushinAG's disclaimer and demanding compliance by June 29, 2026. To date, CrushinAG has not responded, has not complied with Precision Planting's demands, and has not ceased its use of the Infringing Designations or the PRECISION PLANTING® Marks.

33.     Upon information and belief, CrushinAG commenced and has continued its infringing activities with full knowledge of Precision Planting's prior rights in the PRECISION PLANTING® Marks, as evidenced by CrushinAG's express design of the vLED products for use with Precision Planting's vDrive planter systems, CrushinAG's repeated references to the PRECISION PLANTING® Marks by name in its product titles and descriptions, CrushinAG's use of the "™" symbol next to "vDrive," CrushinAG's April 1, 2026 email and Proposed NDA sent to Precision Planting's Pontiac, Illinois facility, in which CrushinAG expressly acknowledged Precision Planting's registered trademark rights in the VDRIVE mark while simultaneously identifying its product as the "Precision Planting vLED Kit," Precision Planting's cease-and-desist letters, and CrushinAG's addition of an affiliation disclaimer following the May 1, 2026 letter.

11

CrushinAG's continued use of the Infringing Designations and the PRECISION PLANTING® Marks after receipt of Precision Planting's cease-and-desist letters establishes that its infringement is willful, deliberate, and in bad faith.

34.     CrushinAG's ongoing use of the Infringing Designations and the PRECISION PLANTING® Marks is causing, and unless enjoined by this Court will continue to cause, irreparable harm to Precision Planting, including injury to Precision Planting's goodwill, reputation, and the distinctive quality of the PRECISION PLANTING® Marks, for which Precision Planting has no adequate remedy at law.

**Count I – Trademark Infringement of Registration No. 2,937,657**
**15 U.S.C. § 1114(1)**

35.     Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

36.     CrushinAG's use of the Infringing Designations, including without limitation on the CrushinAG Website and associated social media channels to identify, advertise, promote, offer for sale, and sell its vLED products, constitutes use of a colorable imitation of Precision Planting's federally registered trademark, U.S. Registration No. 2,937,657 for PRECISION PLANTING, and is likely to cause confusion, mistake, or to deceive the consuming public into believing that the goods of CrushinAG emanate from, are authorized by, or are otherwise sponsored by, affiliated with, or connected with Precision Planting.

37.     U.S. Registration No. 2,937,657 is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the mark in commerce in connection with the goods identified in the registration.

38.	CrushinAG's conduct complained of herein constitutes an infringement of Precision Planting's federally registered mark, U.S. Registration No. 2,937,657, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 *et seq*.

39.	Upon information and belief, CrushinAG's conduct (i) has been undertaken, and at a minimum is continuing, with the intent to willfully appropriate the goodwill of Precision Planting in the PRECISION PLANTING mark and to intentionally deceive the consuming public and (ii) constitutes a violation of 15 U.S.C. § 1114(1) consisting of the use of a colorable imitation of a federally registered mark in connection with the sale, offering for sale, distribution, and advertising of CrushinAG's goods.

40.	CrushinAG is aware of the prior rights of Precision Planting, was placed on notice of Precision Planting's rights by correspondence dated May 1, 2026 and June 15, 2026, and, upon information and belief, will continue its infringing conduct unless enjoined by this Court. CrushinAG's infringing conduct creates a likelihood of confusion with the PRECISION PLANTING mark, causing irreparable harm to Precision Planting. Precision Planting is without a full and adequate remedy at law.

41.	Precision Planting is entitled to recover up to three times its actual damages, in an amount to be proven at trial, which may include without limitation (i) CrushinAG's profits gained as a result of CrushinAG's infringement, (ii) any damages sustained by Precision Planting as a result of CrushinAG's infringement, and (iii) the costs of this action, pursuant to 15 U.S.C. § 1117.

42.	CrushinAG's intentional and willful misconduct renders this an exceptional case, entitling Precision Planting to attorneys' fees and interest under 15 U.S.C. § 1117(a).

## Count II – Trademark Infringement of Registration No. 4,266,960
## 15 U.S.C. § 1114(1)

43.    Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

44.    The VSET mark, together with the VDRIVE, VAPPLY, and VAPPLYHD marks, forms part of Precision Planting's family of trademarks sharing the distinctive characteristic of a leading "V" prefix, which Precision Planting has jointly promoted and continues to expand upon with additional forthcoming trademarks.

45.    CrushinAG's use of the Infringing Designations, in connection with a product designed for use with Precision Planting's vDrive planter systems, constitutes use of a colorable imitation of Precision Planting's federally registered trademark, U.S. Registration No. 4,266,960 for VSET, and is likely to cause confusion, mistake, or to deceive the consuming public into believing that the goods of CrushinAG emanate from, are authorized by, or are otherwise sponsored by, affiliated with, or connected with Precision Planting.

46.    U.S. Registration No. 4,266,960 is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the mark in commerce in connection with the goods identified in the registration.

47.    CrushinAG's conduct complained of herein constitutes an infringement of Precision Planting's federally registered mark, U.S. Registration No. 4,266,960, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 *et seq*.

48.    Upon information and belief, CrushinAG's conduct (i) has been undertaken, and at a minimum is continuing, with the intent to willfully appropriate the goodwill of Precision Planting in the VSET mark and to intentionally deceive the consuming public and (ii) constitutes a violation

of 15 U.S.C. § 1114(1) consisting of the use of a colorable imitation of a federally registered mark in connection with the sale, offering for sale, distribution, and advertising of CrushinAG's goods.

49.    CrushinAG is aware of the prior rights of Precision Planting, was placed on notice of Precision Planting's rights by correspondence dated May 1, 2026 and June 15, 2026, and, upon information and belief, will continue its infringing conduct unless enjoined by this Court. CrushinAG's infringing conduct creates a likelihood of confusion with the VSET mark, causing irreparable harm to Precision Planting. Precision Planting is without a full and adequate remedy at law.

50.    Precision Planting is entitled to recover up to three times its actual damages, in an amount to be proven at trial, which may include without limitation (i) CrushinAG's profits gained as a result of CrushinAG's infringement, (ii) any damages sustained by Precision Planting as a result of CrushinAG's infringement, and (iii) the costs of this action, pursuant to 15 U.S.C. § 1117.

51.    CrushinAG's intentional and willful misconduct renders this an exceptional case, entitling Precision Planting to attorneys' fees and interest under 15 U.S.C. § 1117(a).

## Count III – Trademark Infringement of Registration No. 4,581,476
### 15 U.S.C. § 1114(1)

52.    Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

53.    The VDRIVE mark, together with the VSET, VAPPLY, and VAPPLYHD marks, forms part of Precision Planting's family of trademarks sharing the distinctive characteristic of a leading "V" prefix, which Precision Planting has jointly promoted and continues to expand upon with additional forthcoming trademarks.

54.    CrushinAG's use of the Infringing Designations, in connection with a product expressly designed and marketed as compatible with Precision Planting's vDrive planter systems,

15

constitutes use of a colorable imitation of Precision Planting's federally registered trademark, U.S. Registration No. 4,581,476 for VDRIVE, and is likely to cause confusion, mistake, or to deceive the consuming public into believing that the goods of CrushinAG emanate from, are authorized by, or are otherwise sponsored by, affiliated with, or connected with Precision Planting.

55.     U.S. Registration No. 4,581,476 is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the mark in commerce in connection with the goods identified in the registration.

56.     CrushinAG's conduct complained of herein constitutes an infringement of Precision Planting's federally registered mark, U.S. Registration No. 4,581,476, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 et seq.

57.     Upon information and belief, CrushinAG's conduct (i) has been undertaken, and at a minimum is continuing, with the intent to willfully appropriate the goodwill of Precision Planting in the VDRIVE mark and to intentionally deceive the consuming public and (ii) constitutes a violation of 15 U.S.C. § 1114(1) consisting of the use of a colorable imitation of a federally registered mark in connection with the sale, offering for sale, distribution, and advertising of CrushinAG's goods.

58.     CrushinAG is aware of the prior rights of Precision Planting, was placed on notice of Precision Planting's rights by correspondence dated May 1, 2026 and June 15, 2026, and, upon information and belief, will continue its infringing conduct unless enjoined by this Court. CrushinAG's infringing conduct creates a likelihood of confusion with the VDRIVE mark, causing irreparable harm to Precision Planting. Precision Planting is without a full and adequate remedy at law.

59. Precision Planting is entitled to recover up to three times its actual damages, in an amount to be proven at trial, which may include without limitation (i) CrushinAG's profits gained as a result of CrushinAG's infringement, (ii) any damages sustained by Precision Planting as a result of CrushinAG's infringement, and (iii) the costs of this action, pursuant to 15 U.S.C. § 1117.

60. CrushinAG's intentional and willful misconduct renders this an exceptional case, entitling Precision Planting to attorneys' fees and interest under 15 U.S.C. § 1117(a).

### Count IV – Trademark Infringement of Registration No. 5,448,621
### 15 U.S.C. § 1114(1)

61. Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

62. CrushinAG's use of the Infringing Designations, including without limitation on the CrushinAG Website and associated social media channels to identify, advertise, promote, offer for sale, and sell its vLED products, constitutes use of a colorable imitation of Precision Planting's federally registered trademark, U.S. Registration No. 5,448,621 for PRECISION PLANTING and Design, and is likely to cause confusion, mistake, or to deceive the consuming public into believing that the goods of CrushinAG emanate from, are authorized by, or are otherwise sponsored by, affiliated with, or connected with Precision Planting.

63. U.S. Registration No. 5,448,621 is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the mark, of Precision Planting's ownership of the mark, and of Precision Planting's exclusive right to use the mark in commerce in connection with the goods identified in the registration.

64. CrushinAG's conduct complained of herein constitutes an infringement of Precision Planting's federally registered mark, U.S. Registration No. 5,448,621, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 *et seq*.

65.    Upon information and belief, CrushinAG's conduct (i) has been undertaken, and at a minimum is continuing, with the intent to willfully appropriate the goodwill of Precision Planting in the PRECISION PLANTING and Design mark and to intentionally deceive the consuming public and (ii) constitutes a violation of 15 U.S.C. § 1114(1) consisting of the use of a colorable imitation of a federally registered mark in connection with the sale, offering for sale, distribution, and advertising of CrushinAG's goods.

66.    CrushinAG is aware of the prior rights of Precision Planting, was placed on notice of Precision Planting's rights by correspondence dated May 1, 2026 and June 15, 2026, and, upon information and belief, will continue its infringing conduct unless enjoined by this Court. CrushinAG's infringing conduct creates a likelihood of confusion with the PRECISION PLANTING and Design mark, causing irreparable harm to Precision Planting. Precision Planting is without a full and adequate remedy at law.

67.    Precision Planting is entitled to recover up to three times its actual damages, in an amount to be proven at trial, which may include without limitation (i) CrushinAG's profits gained as a result of CrushinAG's infringement, (ii) any damages sustained by Precision Planting as a result of CrushinAG's infringement, and (iii) the costs of this action, pursuant to 15 U.S.C. § 1117.

68.    CrushinAG's intentional and willful misconduct renders this an exceptional case, entitling Precision Planting to attorneys' fees and interest under 15 U.S.C. § 1117(a).

### Count V – Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

69.    Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

70.    CrushinAG's conduct, including its use of the Infringing Designations via its adoption and use of the confusingly similar "vLED" designation mimicking Precision Planting's

family of leading lowercase "v" prefix marks, and its use of the confusingly similar "PRECISION LIGHTING" designation, in connection with the advertising, promotion, offering for sale, and sale of its vLED products, constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive the consuming public and others as to the affiliation, connection, or association of CrushinAG with Precision Planting, or as to the origin, sponsorship, or approval of CrushinAG's goods, services, and commercial activities by Precision Planting, and constitutes unfair competition under 15 U.S.C. § 1125(a)(1)(A).

71.     Precision Planting has developed, used, and promoted a family of trademarks sharing the distinctive characteristic of a leading "v" prefix, including VSET, VDRIVE, VAPPLY, and VAPPLYHD, and continues to expand on its distinctive "v" prefix marks with additional trademarks forthcoming, such that the leading "v" prefix has come to be recognized by consumers and the relevant trade as identifying goods originating with Precision Planting. CrushinAG's adoption of the "vLED" designation for a product expressly designed for use with Precision Planting's vDrive planter systems trades on the recognition of Precision Planting's family of leading "v" prefix marks and is likely to cause confusion as to source, sponsorship, affiliation, or connection with Precision Planting.

72.     Upon information and belief, such conduct has been willful and intentional with the purpose of misleading the consuming public into believing that the goods of CrushinAG are sponsored by, affiliated with, connected to, or authorized by Precision Planting, all of which are contrary to fact.

73.     Upon information and belief, such conduct of CrushinAG is ongoing and has caused and will continue to cause irreparable harm to Precision Planting unless enjoined by this Court. Precision Planting is without full and adequate remedy at law.

74.     Precision Planting is entitled to recover up to three times actual damages, in an amount to be proven at trial, which may include without limitation (i) CrushinAG's profits gained as a result of CrushinAG's false designation of origin and acts of unfair competition, (ii) any damages sustained by Precision Planting as a result of CrushinAG's false designation of origin and acts of unfair competition, and (iii) the costs of this action.

75.     CrushinAG's intentional and willful misconduct renders this an exceptional case, entitling Precision Planting to attorneys' fees and interest under 15 U.S.C. § 1117(a).

### Count VI – Common Law Trademark Infringement and Unfair Competition
### Illinois Common Law

76.     Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

77.     Precision Planting owns valid and enforceable common law trademark rights in and to the PRECISION PLANTING® Marks and the family of leading "V" prefix marks in the State of Illinois, based on Precision Planting's long, continuous, and substantially exclusive use of the marks in Illinois since long before CrushinAG's first use of the Infringing Designations.

78.     CrushinAG's acts described in this Complaint constitute trademark infringement and unfair competition in violation of the common law of the State of Illinois by a deliberate course of conduct, all without authorization, license, privilege, or justification.

79.     CrushinAG's acts have created and, unless restrained by this Court, will continue to create confusion and deception of the consuming public as to the source, sponsorship, affiliation, connection, or approval of CrushinAG's goods, to the detriment of Precision Planting and causing

irreparable injury to Precision Planting, for which Precision Planting has no adequate remedy at law.

80. CrushinAG has acted with full knowledge of Precision Planting's rights in and use of the PRECISION PLANTING® Marks, and without regard to the likelihood of confusion and deception of the public created by CrushinAG's activities, demonstrating an intentional, willful, and malicious intent to trade on the goodwill of the PRECISION PLANTING® Marks associated with Precision Planting, to the substantial and irreparable injury of Precision Planting.

81. As a result of CrushinAG's acts, Precision Planting has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, Precision Planting is entitled to injunctive relief, an accounting of CrushinAG's profits, actual damages, punitive damages, attorneys' fees and costs, and any and all other relief authorized by law.

### Count VII – Trademark Dilution by Blurring
### 765 ILCS 1036/65

82. Precision Planting incorporates by reference and realleges the averments of paragraphs 1 to 34 as if set forth fully in this paragraph.

83. The PRECISION PLANTING® Marks are distinctive and famous within the State of Illinois within the meaning of 765 ILCS 1036/65. Through Precision Planting's long-standing Illinois presence since its founding, its extensive Illinois dealer network, its continuous marketing, advertising, and use of the PRECISION PLANTING® Marks in Illinois since at least as early as 1994, and the widespread recognition of the PRECISION PLANTING® Marks among farmers and the agricultural trade in Illinois, the PRECISION PLANTING® Marks have become famous in the State of Illinois.

84. The PRECISION PLANTING® Marks became famous in the State of Illinois well before CrushinAG's first use of the Infringing Designations in January 2026.

85. CrushinAG's use of the Infringing Designations, including the "vLED" designation trading on Precision Planting's family of leading "V" prefix marks, and CrushinAG's use of the PRECISION PLANTING® Marks themselves, is likely to cause dilution by blurring of the distinctive quality of the PRECISION PLANTING® Marks by impairing the distinctiveness of the PRECISION PLANTING® Marks as unique identifiers of Precision Planting as the source of the Precision Planting Goods and Services.

86. Upon information and belief, CrushinAG willfully intended to trade on the recognition of the PRECISION PLANTING® Marks and willfully intended to cause dilution of the PRECISION PLANTING® Marks, as evidenced by CrushinAG's express design of its vLED products for use with Precision Planting's vDrive planter systems, CrushinAG's repeated references to the PRECISION PLANTING® Marks by name, and CrushinAG's continued use of the Infringing Designations after receipt of Precision Planting's cease-and-desist letters.

87. CrushinAG's conduct has caused and, unless enjoined by this Court, will continue to cause irreparable harm to Precision Planting and to the distinctive quality of the PRECISION PLANTING® Marks, for which Precision Planting has no adequate remedy at law.

88. Pursuant to 765 ILCS 1036/65 and 765 ILCS 1036/70, Precision Planting is entitled to injunctive relief and, given CrushinAG's willful intent to trade on the recognition of the PRECISION PLANTING® Marks and to cause dilution, to the additional remedies available under 765 ILCS 1036/70, including treble CrushinAG's profits, damages sustained by Precision Planting, and the costs of this action, together with reasonable attorneys' fees.

22

**Prayer for Relief**

Precision Planting requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award Precision Planting relief, including without limitation, the following:

1.    Permanently enjoin and restrain CrushinAG and its officers, directors, members, managers, agents, dealers, representatives, servants, employees, and all others acting in concert with CrushinAG, from:

a.    Using PRECISION PLANTING, the PRECISION PLANTING Design mark, VSET, VDRIVE, VAPPLY, VAPPLYHD, VLED, PRECISION LIGHTING, or any name or mark confusingly similar to any of the PRECISION PLANTING® Marks, including any mark leading with a "V" prefix in a manner confusingly similar to Precision Planting's family of "V" prefix marks, alone or in combination with any other letters, words, designs, or marks, as a trademark, service mark, trade name, or corporate name, or in connection with the advertising, marketing, promotion, offering for sale, or actual sale of any goods or services of CrushinAG;

b.    Using any of the PRECISION PLANTING® Marks or any name or mark confusingly similar thereto in any trade name, domain name, advertising, promotional materials, website content, social media posting, product listing, product packaging, or any metatags used on or in connection with any domain name of CrushinAG;

c.    Passing off, inducing others to pass off, or enabling others to sell or pass off any good of CrushinAG as that of Precision Planting; and

d.    Committing any other acts calculated to cause purchasers to believe that CrushinAG's goods are the goods of Precision Planting or are in any manner sponsored, endorsed, licensed, or approved by Precision Planting.

23

2.      Require CrushinAG to immediately discontinue using and to remove from the CrushinAG Website, all social media accounts, and any other commercial materials any and all signs, insignia, stationery, advertising, website content, social media content, product listings, product packaging, and promotional materials bearing any of the PRECISION PLANTING® Marks, the VLED designation, the PRECISION LIGHTING designation, or any name or mark confusingly similar thereto, or any marks or designs owned by Precision Planting, or any variation thereof.

3.      Find that CrushinAG's tortious acts have been willful, deliberate, and in bad faith, and find this case to be exceptional within the meaning of 15 U.S.C. § 1117(a) and 765 ILCS 1036/70.

4.      Award Precision Planting an accounting of CrushinAG's profits, any damages sustained by Precision Planting due to CrushinAG's infringement, unfair competition, and dilution, and have all profits or damages trebled, together with the costs of this action and Precision Planting's attorneys' fees, pursuant to 15 U.S.C. § 1117 and 765 ILCS 1036/70.

5.      Award Precision Planting punitive damages for CrushinAG's intentional, willful, malicious, and bad-faith acts of unfair competition and common law trademark infringement.

6.      Award Precision Planting pre-judgment and post-judgment interest at the maximum rate permitted by law.

7.      Grant to Precision Planting such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Precision Planting demands a trial by jury on all issues so triable.

Dated: August 4, 2026

Respectfully submitted,

/s/ Peter M. Spingola
Peter M. Spingola (IL Bar No. 6243942)
Shannon T. Knight (IL Bar No. 6307040)
  *Admission to Central District forthcoming
CHAPMAN SPINGOLA, LLP
Chicago, IL 60603
Phone: (312) 630-9202
pspingola@chapmanspingola.com
sknight@chapmanspingola.com

Scott R. Brown (*pro hac vice* forthcoming)
sbrown@hoveywilliams.com
Nathan W. Elmer (*pro hac vice* forthcoming)
nelmer@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Street, Suite 1000
Overland Park, KS 66210
Phone: (913) 647-9050
Fax: (913) 647-9057

*ATTORNEYS FOR PLAINTIFF
PRECISION PLANTING LLC*